UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.  8:03-cr-445-T-23EAJ
    8:05-cv-1326-T-23EAJ

WILBUR VALENCIA-CAICEDO
_____/

**O R D E R**

Valencia-Caicedo's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of Valencia-Caicedo's conviction for conspiracy to possess with intent to distribute five kilograms or more of cocaine, for which offense he was sentenced to 135 months. The United States admits that the motion is timely. Response at 7 (Doc. 11). The United States contests three of the four grounds and admits that the court should grant the motion to vacate sentence on Valencia-Caicedo's claim of ineffective assistance of counsel and, as a consequence, allow Valencia-Caicedo to file a delayed appeal.

**FACTS**[1]

> On October 26, 2003, the defendant, along with his co-defendants, were apprehended in international waters in the Eastern Pacific Ocean by a United States Coast Guard LEDET team, on board the United States Navy frigate USS Samuel B. Roberts, while attempting to transport over 5,500 pounds of cocaine from Columbia, S.A., to Mexico, for ultimate importation and distribution in the United States. The smuggling vessel, F/V Santa Barbara, was initially observed proceeding on a northwesterly course without navigational lights. Upon overtly contacting the F/V Santa Barbara and engaging in standard right of approach questions, the F/V Santa Barbara attempted to ram the USS Samuel B. Roberts. Upon receiving

---

[1] This summary of the facts is copied from pages 13-14 of Valencia-Caicedo's plea agreement (Doc. 56).

permission to board the vessel from the Government of Colombia, a Coast Guard LEDET team boarded and inspected the F/V Santa Barbara. Ion scans performed on the vessel resulted in positive readings for various narcotics, including cocaine, in the engineroom and stateroom. Upon completion of a space accountability assessment, permission was granted to perform a minimally intrusive search of the dry goods storage room which led to the discovery of a false compartment containing ninety bales of cocaine with a total weight of approximately three tons. The government of Colombia was notified of the findings and granted permission for the United States to assume jurisdiction of the vessel, crew, and contraband for prosecution purposes. The defendant acknowledges the conspiracy with which he is charged and to which he is pleading guilty involves more than five kilograms of cocaine.

## GROUNDS

Ground Three: Jurisdictional Defect

Valencia-Caicedo argues that jurisdiction was not proper in the United States because the F/V Santa Barbara was in Colombian waters when it was seized. Valencia-Caicedo is precluded from advancing this claim because when he pleaded guilty he agreed with the United States's factual allegation that the Coast Guard contacted Colombian authorities, who "granted permission for the United States to assume jurisdiction of the vessel, crew, and contraband for prosecution purposes." Plea Agreement, ¶ 9 at 14 (Doc. 56). Consent by the Colombian government subjects the vessel to the jurisdiction of the United States. "[A] 'vessel subject to the jurisdiction of the United States' includes — (C) a vessel registered in a foreign nation where the flag nation has consented or waived objection to the enforcement of United States law by the United States. . . ." 46 U.S.C. app. § 1903(c)(1). The jurisdictional argument Valencia-Caicedo advances was rejected in United States v. DeVilla, 217 F.3d 1009, 1014, 1017 (11th Cir. 2000), cert. denied, 534 U.S. 843 (2001).

Ground Four: *Apprendi/Blakely* Error

Valencia-Caicedo challenges the validity of his sentence, which was based on the United States's attributing to him nearly 3000 pounds of cocaine. Valencia-Caicedo argues that, in determining sentence, this court was limited to the quantity of "five kilograms or more of cocaine" as alleged in the indictment. Valencia-Caicedo erroneously relies on Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), cases that are not applicable on collateral review. In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004) ("Because Blakely, like Ring [v. Arizona, 536 U.S. 584 (2002)], is based on an extension of Apprendi [v. New Jersey, 530 U.S. 466 (2000)], Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review.").[2] Nevertheless, Valencia-Caicedo's argument is meritless because he admitted to transporting "more than 5,500 pounds of cocaine." Plea Agreement ¶ 9 at 13 (Doc. 56).

Grounds One and Two: Ineffective Assistance of Counsel

Proving ineffective assistance of counsel is difficult. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)). In order to

---

[2] In its response, the United States also addressed the inapplicability of United States v. Booker, 543 U.S. 220 (2005), which extended the decision in Blakely to the federal sentencing guidelines. In his reply, Valencia-Caicedo expresses ignorance of Booker. The United States is correct that Valencia-Caicedo cannot benefit from Booker. In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005) ("Regardless of whether Booker established a 'new rule of constitutional law' within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared Booker to be retroactive to cases on collateral review.").

- 3 -

demonstrate ineffective assistance of counsel, Valencia-Caicedo must meet the test established by Strickland v. Washington, 466 U.S. 668 (1984).  In Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998), the Eleventh Circuit discussed ineffective assistance of counsel:

> The law regarding ineffective assistance of counsel claims is well settled and well documented.  In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. 2052.

The Eleventh Circuit further stated that "[w]hen applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds."  Sims v. Singletary, 155 F.3d at 1305.  Strickland v. Washington, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").  Moreover, simply proving that counsel made some error is insufficient to meet the burden established in Strickland:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir.1992).  Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable. . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' ") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

Counsel's Failure to Secure a Minor Role Reduction

In ground one Valencia-Caicedo alleges that his appointed counsel was ineffective for failing to secure a minor role reduction at sentencing.  Defense counsel was not ineffective because he was not successful in obtaining a minor role reduction.  Defense counsel objected to the pre-sentence investigation report's failure to award Valencia-Caicedo a minor role reduction, objections that the probation officer addressed in an addendum to the report.  And at sentencing defense counsel argued that Valencia-Caicedo was entitled to a minor role reduction, a request this court rejected.  Transcript of Sentencing at 7-12 (Doc. 233).

The availability of a mitigating role adjustment is governed by §3B1.2, United States Sentencing Guidelines, and United States v. De Varon, 175 F.3d 930 (11th Cir.) (en banc), cert. denied, 528 U.S. 976 (1999), which for the purpose of role determination attributes to Valencia-Caicedo the weight of the contraband cargo on the vessel.  Valencia-Caicedo was a member of the crew aboard the F/A Santa Barbara and in possession of well over a ton of cocaine for the purpose of international smuggling.  Consequently, the suggestion that his role is "minor" is facially implausible.

The quantity alone is virtually disqualifying. The Eleventh Circuit has adopted this exact result in hundreds of so-called "boat cases." See United States v. Valencia-Aguirre, 409 F. Supp. 2d 1358, 1361 n.1 (M.D. Fla. 2006).

Ground Two: Counsel's Failure to Appeal

Valencia-Caicedo claims that his defense counsel rendered ineffective assistance by failing to file a notice of appeal, a claim that is governed by Strickland's two-prong test. Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000); Thompson v. United States, 481 F.3d 1297 (2007).

### A. Strickland's Deficient Performance

Flores-Ortega identified three situations involving counsel's alleged failure to protect the client's appellate rights: (1) counsel fails to file an appeal even though the defendant unquestionably expresses his desire to appeal,[3] (2) the defendant faults counsel for not appealing even though the defendant stated that he did not want an appeal,[4] and (3) the defendant's desire to appeal is not clearly expressed.[5]

Valencia-Caicedo alleges that he requested counsel to file a notice of appeal and counsel assured Valencia-Caicedo that he would file an appeal. After arriving at his assigned federal institution, Valencia-Caicedo learned that counsel did not file an

---

[3] Roe v. Flores-Ortega, 528 U.S. at 477 ("[A] defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.").

[4] Roe v. Flores-Ortega, 528 U.S. at 477. ("At the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently.").

[5] Roe v. Flores-Ortega, 528 U.S. at 477 ("Is counsel deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other?").

- 6 -

appeal. Valencia-Caicedo then filed a pro se notice of appeal (Doc. 137). The United States represents that Valencia-Caicedo's defense counsel advises "that his practice is to file a notice of appeal whenever a client asks him to do so, but he has no independent recollection of whether he consulted with Valencia-Caicedo about an appeal." Response at 19 (Doc. 11). The United States represents both that it cannot refute the claim that Valencia-Caicedo specifically requested counsel to file an appeal and that an evidentiary hearing is not necessary.

> Because the United States would be unable to refute Valencia-Caicedo's ineffectiveness claim regarding counsel's failure to perfect a direct appeal, a hearing on that claim also is unwarranted. Instead, the Court should permit Valencia-Caicedo to file a belated appeal. See Gomez-Diaz v. United States, No. 04-11105, 2005 WL 3465538 at *5 (11th Cir. Dec. 20, 2005).[3]
>
>> [3] The United States has taken a contrary position in other cases involving similar ineffectiveness claims but deems it necessary to concede the issue based upon the facts of this case.

Response at 19-20 (Doc. 11). Consequently, based on Valencia-Caicedo's unrefuted representation that he specifically asked counsel to appeal, defense counsel's failure to file a notice of appeal was deficient performance. Valencia-Caicedo is entitled to a belated appeal if he can show prejudice as required by Strickland.

### B. Strickland's Prejudice

The second prong of the Strickland test is a showing of prejudice: "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694. Consequently, a petitioner shows a denial of the effective assistance of counsel if he proves that

counsel's deficient performance caused him to lose his right to an appeal. "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Roe v. Flores-Ortega, 528 U.S. at 484. Valencia-Caicedo's filing of a notice of appeal when he learned that counsel had not appealed shows that he was deprived "of an appeal that he otherwise would have taken."

### "OUT-OF-TIME" APPEAL

Under governing precedent, Valencia-Caicedo is entitled to an out-of-time appeal. The prescribed procedure is to vacate the sentence originally imposed and enter a new judgment imposing the same sentence, from which Valencia-Caicedo may appeal.

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days. . . .

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). Neither a sentencing hearing nor Valencia-Caicedo's presence is required. United States v. Parrish, 427 F.3d 1345, 1348 (11th Cir. 2002) ("[T]he district court did not err by re-sentencing Parrish without holding a hearing. Under Phillips, the district court was required to

re-sentence Parrish to the same sentence originally imposed, and was not required to hold a re-sentencing hearing.").

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **GRANTED**.  The judgment entered in the criminal case (Doc. 137 in 8:03-cr-445) is **VACATED**.  The matter is referred to the United States Magistrate Judge for the appointment of counsel.  After appointed counsel files a notice of appearance, the court shall enter a new judgment in the criminal case in accordance with United States v. Phillips, 225 F.3d 1198 (11th Cir. 2000), and United States v. Parrish, 427 F.3d 1345, 1348 (11th Cir. 2005).  Counsel shall timely file a notice of appeal from the new judgment in the criminal case.  The clerk shall enter a judgment for Valencia-Caicedo in the civil case and close this action.

ORDERED in Tampa, Florida, on August 15, 2007.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE